UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| BRADLEY W. LAEGER | CIVIL ACTION NO. 1:08-cv-01549 |
|---|---|
| -vs- | JUDGE DRELL |
| UNITED STATES OF AMERICA, et al. | MAGISTRATE JUDGE KIRK |

### AMENDED AND CORRECTED RULING

Currently pending before the Court is a Motion to Dismiss United States' Counterclaim (Doc. 18) filed by the plaintiff, Bradley W. Laeger ("Mr. Laeger"). For the reasons that follow, Mr. Laeger's motion will be DENIED. Disposition will follow by a separate order.

I. **Background**

In 1997, Mr. Laeger was convicted under 26 U.S.C. § 7203 for failure to make federal income tax returns for three consecutive tax years, 1991, 1992, and 1993. He was sentenced to a term of twelve months of imprisonment, after which he was placed on supervised release for an additional twelve months. One of the conditions of his supervised release was to pay restitution in the amount of $32,346.66.

Mr. Laeger filed this lawsuit on October 16, 2008, seeking a refund of amounts paid to or collected by the Internal Revenue Service ("IRS") in excess of the restitution amount. (Doc. 1). Specifically, the complaint alleges that Mr. Laeger was forced to pay restitution in accordance with a court judgment. (Doc. 1, p. 2). Combining monthly payments and IRS collection efforts, Mr. Laeger claims that he

has forfeited a sum $62,281 toward the restitution amount. The complaint further alleges that the Defendant, United States of America ("government"), failed to issue notices of deficiency and a notice of Mr. Laeger's right to a pre-levy/garnishment hearing, as required by federal statute. Mr. Laeger contends that he submitted a refund claim to the IRS for all payments in excess of the court-ordered restitution amount, to which the IRS has not responded. Therefore, he seeks a judgment awarding him all amounts in excess of the prescribed restitution award.

On December 19, 2008, the government filed an answer and counterclaim. (Doc. 4). The government's counterclaim seeks to "reduce to judgment the unpaid balances of the 1990 and 1991 federal income tax liabilities of Laeger." (Doc. 4, p. 3). Mr. Laeger filed an answer to the counterclaim on January 12, 2009. (Doc. 5). In his answer, Mr. Laeger argued that the counterclaim was "barred pursuant to 26 U.S.C. § 6213(a)," depriving the Court of jurisdiction, and that any assessments sought by the counterclaim violated "the prohibition on assessments in 26 U.S.C. § 6213(a)." (Doc. 5, pp. 1-2).

Subsequently, Mr. Laeger filed a motion to dismiss the counterclaim (Doc. 18), alleging that the government failed to disclose any authorization from the Secretary of the Treasury and direction from the Attorney General to commence an action to recover unpaid taxes. This deficiency on the government's part, Mr. Laeger argues, violated 26 U.S.C. § 7401 and Fed. R. Civ. P. 26(a)(1) (governing initial disclosures). Alternatively, Mr. Laeger seeks dismissal of the counterclaim for failure to satisfy the requirements of 26 U.S.C. § 6213(a), which generally requires that a notice of

2

deficiency be sent to the taxpayer prior to the assessment of a deficiency or the commencement of a civil action to collect the unpaid taxes. After carefully reviewing the record and the parties' filings, the Court is now prepared to rule.[1]

## II. Law and Analysis

### A. Legal Standards

In his motion, Mr. Laeger contends that the Court should dismiss the government's counterclaim because the government failed to (1) obtain authorization to assert its counterclaim, and (2) issue notices of deficiency. These infirmities, according to Mr. Laeger, destroy the jurisdictional basis for the government's counterclaim, and therefore, warrant dismissal.

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may obtain dismissal of a claim for "lack of subject-matter jurisdiction." In deciding a Rule 12(b)(1) motion, the Court may consider evidence outside of the pleadings and the attachments thereto. Ambraco, Inc. v. Bossclip B.V., 570 F.3d 233, 237-38 (5th Cir. 2009). More specifically, "under Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: '(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008) (quoting Barrera-Montenegro v. United States, 74

---

[1] The Court notes that Mr. Laeger is proceeding *pro se*. As such, in accordance with settled precedent, Mr. Laeger's filings will be held to a less exacting standard than those of a licensed attorney, and the arguments within those filings will be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Windland v. Quarterman, 578 F.3d 314, 316 (5th Cir. 2009) (noting the "well-established precedent requiring that we construe *pro se* briefs liberally").

F.3d 657, 659 (5th Cir. 1996)). However, when the Court must refer to matters outside of the pleadings, "no presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case." Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004).

### B. Disclosure of Authorization and Delegation

Under 26 U.S.C. § 7401, "[n]o civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." The term "Secretary" refers to "the Secretary of the Treasury or his delegate." Id. § 7701. In this case, Mr. Laeger argues that the government failed to disclose to him any such authorization as part of its initial disclosures, thereby depriving the Court of jurisdiction.

Initially, we note that "in the absence of a denial, the authorization of the Secretary or his delegate and the direction of the Attorney General or his delegate may be presumed." United States v. McCallum, 970 F.2d 66, 69 (5th Cir. 1992). However, a presumption of authorization may not be applied in this case. The government averred in its answer that the counterclaim was "brought under 26 U.S.C. § 7401 at the direction of the Attorney General of the United States and with the authorization of and at the request of Chief Counsel of the Internal Revenue Service . . . a duly authorized delegate of the Secretary of the Treasury of the United States." (Doc. 4, p. 3, ¶ 9). However, in his answer to the counterclaim, Mr. Laeger

4

denied this averment for lack of knowledge, rebutting the presumption and creating a dispute of fact as to this issue. (Doc. 5, p. 1).

At least at this point, the government has submitted sufficient proof of authorization and delegation to satisfy the requirements of 26 U.S.C. § 7401. Attached to the government's opposition are two relevant exhibits. First, the government attached a letter from the Associate Area Counsel in the Office of Chief Counsel of the Internal Revenue Service, which was written to the Assistant Attorney General in charge of the Tax Division. In this letter, the IRS official authorizes and recommends the filing of a counterclaim against Mr. Laeger for the recovery of "taxes, interest and penalties due for 1990 and 1991." (Doc. 23-1, Exh. A). The government also submitted a document titled Tax Division Directive No. 110, which authorizes Chiefs of Civil Trial Sections in the U.S. Department of Justice to direct civil proceedings, including the filing of counterclaims. Chiefs were further authorized to delegate such authority to Assistant Chiefs, which occurred in this case. According to the filed declaration of defense counsel in this case, the filing of the counterclaim was authorized by the supervising Assistant Chief. These exhibits establish that the counterclaim was properly authorized, as required by statute.

Having determined that the government has met the burden of proof under 26 U.S.C. § 7401, the final question that we must address is whether the government's submissions are precluded by procedural rules. Mr. Laeger argues that, under Fed. R. Civ. P. 26(a)(1), the government failed to provide him with documentation that the filing of its counterclaim was authorized and delegated, as required by statute. He

5

further contends that Fed. R. Civ. P. 37(c)(1) precludes the government from offering this evidence in opposition to the motion. We disagree.

As an initial matter, Mr. Laeger has not shown that such evidence must be submitted as part of the government's initial disclosures under Rule 26(a)(1). Nowhere in the rule is it mandated that a party disclose a copy of all documents supporting the jurisdictional basis of a counterclaim. Tellingly, Mr. Laeger did not submit a discovery request to the government seeking disclosure of the authorization documents prior to filing the instant motion to dismiss. The Court will not allow the initial disclosures rule to be used as an ambush tactic for the filing of motions seeking dismissal of claims based upon hyper-technical grounds.

Moreover, jurisdictional issues may be properly raised and conveniently tested by motion. For instance, Mr. Laeger has challenged the government's jurisdictional claims by filing this motion. We find that no prejudice to Mr. Laeger resulted from the government's inadvertent failure to disclose the documents. In the course of pressing this motion, Mr. Laeger has now had a full opportunity to review the documents evidencing the jurisdictional basis for the government's counterclaim.

Finally, even if the documents should have been disclosed under Rule 26(a)(1), we find that the government's failure to do so was harmless. Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless.*" Fed. R. Civ. P. 37(c)(1) (emphasis added). Mr. Laeger argues that the

documents offered by the government at this point are inadmissible under this rule. The government states that any such failure was not only unintentional, but resulted in no prejudice to Mr. Laeger's case.

The Fifth Circuit has noted that the following four factors must be considered in determining whether a violation of Rule 26 was harmless: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." Tex. A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003). Here, the authorization and delegation evidence is jurisdictional in nature, and thus, is obviously of great importance. However, we agree with the government, as noted above, that no prejudice has resulted to Mr. Laeger from the failure to disclose the documents earlier in the litigation. As such, no continuance would be required in this case. Finally, the government's explanation is plausible: the documents were not disclosed because this particular point is not often contested, and thus, the documents were inadvertently omitted.

These factors weigh heavily in the government's favor. Even if the government's failure to include the authorization documents was erroneous under Fed. R. Civ. P. 26(a)(1), any such error was harmless. Therefore, Mr. Laeger's motion to dismiss will be DENIED based upon this particular argument.

### B. Notices of Deficiency

Mr. Laeger also contends that the government failed to allege that it sent

notices of deficiency to his last known address after determining that a tax deficiency existed. In support of this argument, Mr. Laeger attaches a self-executed declaration, which states: "I have no record and no recollection of ever receiving any notice of deficiency concerning any federal tax claims regarding years 1990-1992." (Doc. 18-1, p. 1).

The government first argues that its allegations in the counterclaim necessarily encompassed, though did not specifically include, an allegation that notices of deficiency were mailed to the taxpayer. Specifically, the counterclaim includes allegations that "duly authorized delegate[s] of the Secretary of the Treasury" "made timely assesment[s]" as to Mr. Laeger's income tax liabilities. (Doc. 4, pp. 3-4). Because making such timely assessments necessarily includes, in some cases, sending notices of deficiency to the taxpayer, the government argues that these allegations are sufficient. We are not persuaded by this line of reasoning, but we do agree that the Court may (and in this case, must) look beyond the allegations in the pleadings to determine its jurisdiction. See Ambraco, Inc., 570 F.3d at 237-38.

The operative statute, 26 U.S.C. § 6213(a), provides that "no assessment of a deficiency in respect of any tax imposed . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer." "Notably, '[t]he Code does not require that the taxpayer *receive* the notice of deficiency.' Rather, 'notice shall be sufficient if it is sent to the taxpayer at his last known address.'" United States v. Filson, 347 F. App'x 987, 993 (5th Cir. 2009) (quoting Keado v. United States, 853 F.2d 1209, 1211-12 (5th Cir. 1988)).

In this case, the counterclaim seeks to reduce to judgment Mr. Laeger's liabilities for income tax years 1990 and 1991. Regarding the tax year 1991, the government has submitted to the Court an official notice of deficiency, dated June 14, 1999. (Doc. 23-1, Exh. E). The letter was sent by certified mail, according to designations in the heading of the document. This evidence proves that the IRS sent Mr. Laeger a notice of deficiency pertaining to his tax liabilities for 1991.

The government also provided the Court with two IRS "Certificates of Assessments, Payments, and Other Specified Matters," otherwise known as IRS Form 4340, pertaining to tax years 1990 and 1991. (Docs. 23-2, 23-3, Exhs. 2, 3). The Fifth Circuit has held that "IRS Form 4340 constitutes valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof." Perez v. United States, 312 F.3d 191, 195 (5th Cir. 2002). Indeed, each of the forms contains a column designated as "additional tax assessed by examination audit deficiency per default of 90 day letter." Beside those designations in each of the forms are Mr. Laeger's assessed tax liabilities for 1990 and 1991, respectively. Moreover, the forms list not only the assessments, but also the dates on which notices of the balances due were issued, evidencing that Mr. Laeger was given fair and proper notice of his assessed tax liabilities. Therefore, as to this issue, Mr. Laeger's motion to dismiss will be DENIED.

We are mindful that a separate motion for summary judgment has also been filed (Doc. 37), and that motion will warrant further consideration of the issues raised therein. A separate ruling will follow in due course.

III.  **Conclusion**

For the foregoing reasons, Mr. Laeger's Motion to Dismiss United States' Counterclaim (Doc. 18) will be DENIED.

SIGNED on this 12day of April, 2010 at Alexandria, Louisiana.

                              DEE D. DRELL
                         UNITED STATES DISTRICT JUDGE